IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL FOGLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV00900 RWS (AGF) |
| | ) | |
| ALAN BLAKE, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pro se petition of Michael Fogle for a writ of habeas corpus filed on June 9, 2006. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. Petitioner is in pre-trial detention at the Missouri Sex Offender Treatment Center ("MSOTC") following a determination by the Circuit Court of Jackson County, Missouri, that there is probable cause to believe that he is a sexually violent predator, pursuant to the Missouri Sexually Violent Predator Act ("SVPA"), Mo. Rev. Stat. § 632.480-513. Petitioner's civil commitment trial is scheduled for December 18, 2006. Petitioner asserts that application of the SVPA to him is punitive and unconstitutional and he seeks an order releasing him from detention. The petition for habeas relief is a pre-trial petition and is therefore properly brought under 28 U.S.C. § 2241. See Brown v. Jones, 2006 WL 3240668, at *1 (W.D. Ark. Nov. 8, 2006) (citing cases); Ennis v. Duval State Attorney, 2006 WL 845378, at *2 (M.D. Fla. March 30, 2006). For the reasons set forth below, the Court

1

recommends that the habeas petition be dismissed.

## BACKGROUND

The record establishes that Petitioner received, upon guilty pleas, two five-year sentences for second-degree deviate sexual behavior, which expired on August 18, 2004; and a 15-year sentence for promoting child pornography, which will expire on August 18, 2007. On September 28, 2004, the probate court of Jackson County, Missouri, found probable cause to believe that Petitioner was a sexually violent predator ("SVP") and ordered that he be tried within 60 days of the completion of a mental examination. Petitioner, represented by counsel, obtained several continuances of the trial date, with the latest continuance (as of the date of the filing of Respondent's response to this Court's Show Cause Order) setting the trial for December 18, 2006.

Petitioner asserts in his habeas petition that although Missouri's SVPA has been held to be constitutional, "there are certain aspects regarding the structure and implementation of the statute which render it *punitive*, i.e. criminal and thus unconstitutional *as applied*." Specifically, he argues that the conditions of his confinement at MSOTC are punitive in nature, and that the statute is in violation of the Bill of Attainder Clause, the Due Process Clause, the Equal Protection Clause, the Fifth Amendment right to remain silent, the Ex Post Facto Clause, and the Double Jeopardy Clause. He also argues that application of the statute to him constitutes a breach of his guilty pleas to the sexual offenses, and that his parole board improperly, and in collusion with the State, postponed his parole release date in order to give the State time to file the SVP petition against him.

On November 16, 2006, Petitioner filed three motions in this Court (Motion for Stay of SVP Proceedings, Motion to Request Release on Recognizance or Bail, and Motion for Issuance of Writ), reiterating his arguments and seeking a stay of the state court's SVPA proceedings and his release from detention.

## DISCUSSION

Missouri's SVPA authorizes the civil commitment of SVPs, persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility and who have pled guilty or been found guilty of a sexually violent offense; have been found not guilty of a sexually violent offense by reason of mental disease or defect; or were committed as a criminal sexual psychopath. Mo. Rev. Stat. § 632.480(5)(a)-(b). The SVPA provides that when probable cause exists to suspect that a person is an SVP, the person may be held pending the outcome of a civil commitment proceeding in the probate court. Id. § 632.489.

Respondent argues that habeas relief should be denied because Petitioner has failed to exhaust state remedies. Although a pre-trial detainee may seek habeas relief under § 2241, principles of comity and federalism require that a federal court not entertain a pre-trial habeas challenge unless the petitioner shows that he has exhausted available state judicial remedies or that "special circumstances" warrant federal intervention. Davis v. Mueller, 643 F.2d 521, 525 (8th Cir. 1981); Brown, 2006 WL 3240668, at *1 (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 490-91 (1973)). The related doctrine of federal abstention as set forth in Younger v. Harris, 401 U.S. 37 (1971), is also applicable here. See Davis, 643 F.2d at 525. In Younger, the Supreme

Court held that absent "special circumstances," the federal courts should abstain from interfering with pending state criminal proceedings. This doctrine was later extended to include state civil proceedings that are judicial in nature, involve important state interests, and offer adequate opportunity to raise constitutional issues, Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004) (citing cases). The Court finds each of the requisite factors of Younger to be present here, and indeed Younger has been applied to cases in which a pre-trial SVP detainee was challenging his detention on federal constitutional grounds similar to those raised by Petitioner here. See Davenport v. Washington, 125 Fed. Apex. 770, 771-72 (9th Cir. Feb. 10, 2005); Faulkner v. Fla. State Depot of Children & Families, 2006 WL 1835077, at *1 (M.D. Fla. June 30, 2006); Coleman v. Mayberg, 2005 WL 1876061, at *3-5 (N.D. Cal. Aug. 8, 2005).

Petitioner here has an avenue to present his constitutional claims to the state court, but has not yet done so. As such, he had failed to exhaust his state court remedies. Nor has he asserted, and the Court does not discern, any special circumstances that would warrant intervention in the state court proceedings at this time. Cost, anxiety, and the inconvenience of having to defend oneself in the state trial are not the kind of special circumstances or irreparable harm that would justify a federal habeas court's intervention in an ongoing state judicial proceeding. Davis, 643 F.2d at 525 (citing Younger, 401 U.S. at 46). The Court notes that this Court has previously held, as Petitioner acknowledges, that Missouri's SPA is constitutional on its face. See Bonine v. Blake, 2005 WL 2122066, at *1-2 (E.D. Mo. Sept. 1, 2005).

4

## CONCLUSION

The Court concludes that Petitioner's habeas action should be dismissed without prejudice to his refiling a timely habeas action after his SVPA commitment proceedings, including appeal, are completed, assuming he is committed. The Court does not believe that reasonable jurists might find the Court's assessment of the issues in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (setting forth the standard for issuing a certificate of appealability); Langley v. Norris, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Michael Fogle for habeas corpus relief be **DISMISSED** without prejudice.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability should not be issued in this case.

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as moot.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that the failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

                                              */s/ Audrey G. Fleissig*
                                              AUDREY G. FLEISSIG
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of November, 2006.